Dear Ms. Monroe:
You advise that you hold full-time state employment with the Senate Committee on Insurance. You inquire as to the legality of holding the second position of part-time teacher at a state university.
Of potential concern are the provisions of R.S. 42:63 of the Louisiana Dual Employment and Dual Officeholding Law, R.S. 42:61, et seq. Because one of the positions is part-time, R.S. 42:63(E)[1] is inapplicable, as that provision prohibits the simultaneous holding of two full-time appointive offices.
R.S. 42:63(B) prohibits one from holding employment in two separate branches of state government.[2] This prohibition would directly apply to the facts at hand, as the teaching position falls within the executive branch of state government, while the other falls within the legislative branch of state government. See R.S. 42:62(6) and (7).[3] However, the prohibitions of R.S. 42:63 do not extend to independent contractors. If the position of university teacher is deemed to be that of an independent contractor, then you would not be barred from continued full-time employment with the legislature.
Attorney General Opinion 79-1440 is relevant, and we quote that author as follows:
 "There are several factors to consider in defining independent contractor/employer relationship. An independent contractor, as opposed to a servant, usually contracts to do a specific amount of work according to his own methods. The employer exerts little control over the actions of the independent contractor. Mode of payment is not decisive in determining whether an employee is actually an independent contractor, though payment by the job indicates the existence of an independent contractor/employer relationship."
We also enclose a copy of Attorney General Opinion 96-9, where this office determined that a law clerk employed in a division of the district court (within the judicial branch of state government) could be a university instructor if the latter position was that of an independent contractor.
Finally, the exemption contained in R.S. 42:66(B) allows those employed in a professional educational capacity with a university to hold "an elective or appointive office." This provision is inapplicable here because the other position under consideration is that of employment with the legislature.[4]
We hope the foregoing is helpful to you. Should you have other questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] R.S. 42:63(E) and R.S. 42:62(4) and (5) provide, respectively:
No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the State of Louisiana, in the government of a political subdivision thereof or in a combination of these.
* * * * *
"Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least 7 hours per day of work and at least 35 hours a week of work.
* * * * *
"Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this section as full-time.
[2] R.S. 42:63(B) states:
B. Except as otherwise provided by the Louisiana constitution, no person holding office or employment in one branch of the state government shall at the same time hold another office or employment in any other branch of the state government.
[3] R.S. 42:62(6) and (7) provide, respectively:
(6) The executive branch of state government includes the following named officers and all other officers, agents, employees or other persons holding or exercising an employment with them, namely, the governor; lieutenant governor; secretary of state; attorney general;' treasurer; commissioner of agriculture; commissioner of insurance; superintendent of education; members of the State Civil Service Commission, the Public Service Commission, the Board of Regents, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, the Board of Supervisors of Southern University and Agricultural and Mechanical College, and State Board of Elementary and Secondary Education, the Board of Trustees for State Colleges and Universities, and the State Bond Commission. The executive branch shall also include the officers, members, agents, and employees of any department, office, agency, instrumentality, board, commission, or other entity created by the constitution or by law whose functions are not primarily legislative, judicial, or local in nature or operation.
(7) The legislative branch of state government includes the members of the Senate and the House of Representatives, the officers, agents, and employees of the legislature of either house or of a committee of either house thereof, the legislative auditor, legislative fiscal officer, or any other agency created by law which is primarily legislative in nature, and any other legislative officer, office, or instrumentality of the state.
[4] R.S. 42:66(B) states:
B. Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
OPINION NUMBER 79-1440
December 28, 1979
78 . . . OFFICERS — DUAL OFFICEHOLDING
90-A . . . POLITICAL SUBDIVISIONS — OFFICERS, AGENTS, EMPLOYEES
Dual officeholding prohibitions do not apply to independent contractors. Judges and state legislators can not be on L.S.U. Board of Supervisors. District attorney and sheriff, city mayor may be on L.S.U. Board of Supervisors.
R.S. 42:62 R.S. 42:63
Mr. M.D. Woodin President, Louisiana State University 99 University Lakeshore Drive Baton Rouge, Louisiana 70803
Dear Mr. Woodin:
In your letter of December 10, 1979, you requested an opinion regarding Act 700 of 1979. Specifically, you asked if:
 (1) A university professor could serve as consultant on a per diem basis with the U.S. Corps of Engineers, the Department of Highways of the State of Mississippi, or the Government of Mexico?
 (2) A university employee could be employed on a part-time or per diem basis by (a) a committee of the Louisiana Legislature, (b) a district attorney, or (c) a sheriff?
 (3) A judge, sheriff, district attorney, member of the legislature, or city mayor would be prohibited from serving as a member of the L.S.U. Board of Supervisors?
Act 700 of 1979, now in Title 42 of the Revised Statutes, is a comprehensive dual officeholding statute. Section 63(A) prohibits university employees from holding an elective office, an appointive office, or employment, "in the government of a foreign country, in the government of the United States, or in the government of another state". Section 63(B) prohibits university employees from holding an "office or employment in any other branch of the state government". Section 63(E) of Title 42 prohibits a university professor from holding a "full time appointive office or full time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these".
The dual officeholding statute provides a definition of appointive office, elective office, and employment. In order to answer questions (1) and (2), the application of the term "employment" must be resolved. Employment is defined in R.S. 42:62 (3) as:
 ". . . . any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof."
In answer to question one, a university professor may serve as a consultant to the U.S. Corps of Engineers, the Mississippi Department of Highways, or the Mexican government. The prohibitions of R.S. 42:63 do not apply in this case because the statute does not preclude the existence of an independent contractor/employer relationship. When such a relationship exists, a professor is not deemed an employee within the definition of R.S. 42:62(3).
As to your second question, the provisions of R.S. 42:63(E) would prohibit a university employee from holding full-time employment in a political subdivision of the state. However, the statute does not prohibit a university employee from holding part-time employment in a state political subdivision. This provision becomes inapplicable when an independent contractor/employer relationship exists. The existence of such a relationship would also allow a university employee to serve as a consultant to a committee of the Louisiana Legislature.
There are several factors to consider in defining an independent contractor/employer relationship. An independent contractor, as opposed to a servant, usually contracts to do a specific amount of work according to his own methods. The employer exerts little control over the actions of the independent contractor. Mode of payment is not decisive in determining whether an employee is actually an independent contractor, though payment by the job indicates the existence of an independent contractor/employer relationship.
With respect to your third question, a judge, as a member of the state judicial branch, may not also serve as a member of the L.S.U. Board of Supervisors. R.S. 42:63(B) prohibits such a combination. This prohibition also applies to members of the Legislature. The offices of sheriff and district attorney are defined in R.S. 42:62(9) as separate political subdivisions. As such, they are prohibited in R.S. 42:63 only from holding a full-time appointive office in the government of the state or a political subdivision thereof. They would, therefore, be eligible to serve on the L.S.U. Board of Supervisors. A city mayor may also serve as a member of the L.S.U. Board of Supervisors.
In conclusion, the prohibitions of R.S. 42:63 do not extend to independent contractors. Consider the factors involved in determining the existence of such a relationship. A university professor, if determined to be acting as an independent contractor, may serve as a consultant to the U.S. Corps of Engineers, the Mississippi Department of Highways, or the Mexican government. A university employee is not barred from part-time employment with a state political subdivision. If the employee is deemed an independent contractor, the prohibitions of R.S. 42:63 are inapplicable. The employee is thereby free to serve as a consultant to a committee of the Louisiana Legislature. Dual office holding prohibitions do extend to judges and members of the Legislature who seek to hold another office in the state. District attorneys, sheriffs, and city mayors are not prohibited from serving on the L.S.U. Board of Supervisors.
Very truly yours,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 BY: ____________________________ KENNETH C. DEJEAN ASSISTANT ATTORNEY GENERAL
WJG, JR: KCD:lg
cc: MR. B.B. Taylor, Jr. Attorney at Law
OPINION NUMBER 96-9
MARCH 29, 1996
78 — Officers Dual Officeholding R.S. 42:63
The employment of a law clerk in a district court and employment as an instructor in a State university is prohibited under the dual officeholding statute as positions of employment in two branches of state government, but there is no violation if working under a professional service contract or appointive position.
Hon. John J. Erny, Jr. 17th Judicial District Court P.O. Box 5315 Thibodaux, LA 70302
Dear Judge Erny:
This office is in receipt of your request for an opinion of the Attorney General in regard to dual officeholding. You indicate a law clerk in your court has also taken a position as instructor of a class in Criminal Procedure at Nicholls State University. It has not interfered with his duties as law clerk which requires him to finish his assigned work without regard to the number of hours it may entail although the court division is in session from 8:30 until 4:30. His classes are conducted every Tuesday and Thursday from 10:00 a.m. until 12:00 noon. He is paid as law clerk by the Lafourche Parish Council, and by Nicholls State University for his class instruction.
You ask if there is any prohibition against him holding these positions simultaneously.
Included in the prohibitions set forth in R.S. 42:63 is paragraph (B) which prohibits a person holding employment in one branch of state government from holding employment in any other branch of state government.
An instructor employed at a State University is employed in the executive branch of state government. Pursuant to R.S. 42:62(6) the executive branch of state government includes "employees of any department, office, agency, instrumentality, board, commission, or other entity created by the constitution or by law whose functions are not primarily legislative, judicial, or local in nature or operation."
Despite the fact that the law clerk is paid by the Parish Council, we find that the law clerk has a position in the judicial branch of state government. This is consistent with the definition in R.S. 42:62(8) which provides the judicial branch of state government includes all employees of district courts. Additionally, this office has observed that supervision, control, functions, and duties of an employee are the principal determinant criteria, and not the source from which an employee's salary is paid in ascertaining for whom an employee is working, Atty. Gen. Op. No. 90-189.
Consequently, it appears that the law clerk employed in a division of a district court who also is employed as a University instructor, violates the dual officeholding law by having employment in two branches of state government, the judicial and executive branches.
However, it should be noted that the prohibitions of the statute are not applicable if the position at the university is as a professional service contract or an independent contractor rather than employment. While we cannot make such a conclusion without being aware of all the facts, it has been recognized that an independent contractor usually contracts to do a specific amount of work according to his own methods with little control over his actions by the employer. Also a professional contract may designate a flat monthly fee. Atty. Gen. Op. No. 90-578.
Also, there is no violation if the position as a law clerk is an appointive position which is defined as a position which is specifically established by the constitution or laws of this state or ordinance of any political subdivision. R.S. 42:66 states that the provisions shall not prevent a school teacher employed in a professional capacity in an educational institution from holding at the same time an appointive office.
We find no state law which authorizes the appointment of law clerks for the Seventeenth Judicial District Court and do not know if such appointment is made under a specific Parish provision that would designate the position as appointive rather than employment.
We hope this sufficiently gives you information to answer your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR